**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS A. JOAS, M.D., Plaintiff, vs. RELIANCE STANDARD LIFE INSURANCE COMPANY, Defendant. | CASE NO. 03CV850 WQH (AJB)<br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES & COSTS |

HAYES, Judge:

Pending before the Court is Plaintiff's motion for attorney fees and costs. (Doc. # 76). The Court finds this matter suitable for submission on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**BACKGROUND**

On or about April 4, 2003, Plaintiff Thomas A. Joas, M.D. filed the Complaint in this matter against Defendant Reliance Standard Life Insurance Company in the California State Superior Court in San Diego. (Doc. # 1). Plaintiff alleged that Defendant improperly calculated Plaintiff's disability benefits in violation of various state laws. (Doc. # 1). On May 19, 2003, Defendant Reliance Standard Life Insurance Company removed the case to this Court on the grounds that the dispute was governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, et seq., and presented a federal question. (Doc. # 1).

On March 25, 2004, the parties filed cross-motions for summary judgment. (Docs. # 16-17, 22-23). On April 29, 2004, the Court granted Defendant's motion for summary judgment and denied Plaintiff's motion for summary judgment. (Doc. # 34). On May 21, 2004, Plaintiff filed a notice of appeal. (Doc. # 36).

On January 3, 2007, the Court of Appeal for the Ninth Circuit vacated this Court's Order of April 29, 2004, and remanded the case back to this Court for reconsideration in light of *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955 (9th Cir. 2006) (en banc), an intervening Circuit decision which altered the standard of review for a district court in ERISA cases. (Doc. # 69). On July 25, 2007, the parties again filed cross-motions for summary judgment. (Docs. # 57, 59). On December 11, 2007, the Court granted Plaintiff's motion for summary judgment and denied Defendant's motion for summary judgment. (Doc. # 71). On January 8, 2008, the Court entered judgment in favor of Plaintiff and against Defendant. (Doc. # 75).

On January 18, 2008, Plaintiff filed the pending motion for attorney's fees and costs. (Doc. # 76).

**STANDARD OF REVIEW**

"ERISA permits district courts to award 'reasonable' attorney's fees and costs to either party." *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007) (citing 29 U.S.C. § 1132(g)(1)). "ERISA . . . is remedial legislation which should be liberally construed in favor of protecting participants in employee benefit plans," and 29 U.S.C. § 1132(g) "should be read broadly to mean that a plan participant or beneficiary, if he prevails in his suit under § 1132 to enforce his rights under the plan, should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984) (internal citations omitted); *see also Landro v. Glendenning Motorways, Inc.*, 625 F.2d 1344, 1356 (8th Cir. 1980). "As a general rule, ERISA employee plaintiffs should be entitled to a reasonable attorney's fee 'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

/

/

## DISCUSSION

**I. Whether Plaintiff is Entitled to an Award of Attorney's Fees**

Plaintiff contends that he is entitled to an award of attorney's fees because he was the prevailing party in the underlying ERISA suit. Specifically, Plaintiff contends that a prevailing ERISA plaintiff should be awarded attorney's fees and costs absent special circumstances, and notes that the Court need not weigh the five factors articulated in *Hummell v. S.E. Rykoff*, 634 F.2d 446, 453 (1980). Defendant contends that the Court should weigh the factors articulated in *Hummell*, and notes that the factors weigh against an award of attorney's fees in this case. (Doc. # 80 at 3-6).

An "ERISA employee [plaintiff] should be entitled to a reasonable attorney's fee 'if [he or she] succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.'" *Smith*, 746 F.2d at 589. In addition, the Court of Appeal for the Ninth Circuit has "explicitly stated," that "where the fact that the plaintiff prevailed 'is evident from the order of the district court, it is unnecessary for the court to engage in a discussion of the factors enumerated in *Hummell*.'" *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1164 (9th Cir. 2001) (citing *Nelson v. EG&G Energy Measurements Group, Inc.*, 37 F.3d 1384, 1392 (9th Cir. 1994)).

On December 11, 2007, this Court entered an Order granting Plaintiff's motion for summary judgment, and it is clear and undisputed that Plaintiff prevailed and that judgment was entered in Plaintiff's favor. (Docs. # 71, 75). Accordingly, and as Defendant has not established any special circumstances outside of the *Hummell* factors which would render an award of attorney's fees and costs unjust, the Court concludes that Plaintiff is entitled to an award of attorney's fees and costs.

**II. Amount of Attorney's Fees, Costs, and Pre-Judgment Interest Which Should be Awarded**

**A. Attorney' Fees**

"To calculate attorney's fees awarded under § 1132(g)(1), district courts utilize a two-step hybrid lodestar/multiplier approach." *Welch*, 480 F.3d at 945; *see also Van Gerwen v. Guarantee Mutual Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). "First, the court establishes a lodestar by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Welch*, 480 F.3d at 945. "The party seeking fees bears the burden of documenting the hours expended

in the litigation and must submit evidence supporting those hours and rates claimed." *Id.* at 945-46. "In addition to setting the number of hours, the court must also determine a reasonable hourly rate, 'considering the experience, skill, and reputation of the attorney requesting fees.'" *Id.* at 946 (citing *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)). "The loadstar amount is presumptively the reasonable fee amount . . . ." *Van Gerwen*, 214 F.3d at 1045. "Second, in rare and exceptional cases, the district court may adjust the lodestar upward or downward using a multiplier based on facts not subsumed in the initial lodestar calculation." *Welch*, 480 F.3d at 946. The "rare and exceptional" case justifying a lodestar multiplier must be "supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high." *Van Gerwen*, 214 F.3d at 1045 (internal citations omitted).

*i. Loadstar - Hours Reasonably Expended*

Plaintiff contends that he is entitled to attorney's fees for the 284.6 hours billed by attorney David B. Sharp between September, 2002, and February, 2008. Plaintiff contends that 284.6 hours is a reasonable number of hours given the complexity and history of this case, and notes that some hours expended by Sharp on the case were not billed. Defendant contends that 284.6 hours is excessive, and that the attorney invoices included by Plaintiff to support the motion for fees lack sufficient detail. Defendant further contends that Plaintiff seeks fees for work done during the administrative portion of this case, and notes that attorney's fees cannot be awarded for fees incurred during administrative proceedings prior to in-court proceedings.

29 U.S.C. § 1132(g)(1) provides for an award of attorney's fees and costs "in any action." The Court of Appeals for the Ninth Circuit has construed 29 U.S.C. § 1132(g)(1) "as limiting the award to fees incurred in the litigation in court," since "[t]he word 'action' generally designates only proceedings in court, not administrative proceedings even though necessary and valuable." *Cann v. Carpenters' Pension Trust Fund*, 989 F.2d 313, 316 (9th Cir. 1993); *see also Dishman v. UNUM Life Ins. Co.*, 269 F.3d 974, 987 (9th Cir. 2001). Accordingly, "ERISA does not "allow . . . for [attorney's] fees for the administrative phase of the claims process." *Dishman*, 269 F.3d at 987. An award of attorney's fees is appropriate for work done to prepare for litigation upon the completion of administrative proceedings, e.g., to prepare a complaint. *Dishman*, 269 F.3d at 987-88.

Plaintiff retained attorney Sharp sometime after June 25, 2002, and thereafter Sharp assisted Plaintiff in the mandatory administrative phase of Plaintiff's claim for benefits. (Doc. # 71 at 5-6). On November 12, 2002, Sharp filed an official request for administrative review of Defendant's benefits decision. (Doc. # 71 at 6). Defendant denied the administrative appeal, and on April 4, 2003, Sharp file a the Complaint in this Court on Plaintiff's behalf.

Plaintiff seeks fees, in part, for hours billed by attorney Sharp between September, 2002, and April, 2003. Defendant contends that hours billed for that time period represent work during the administrative phase of Plaintiff's ERISA proceedings, and are not recoverable. It is Plaintiff's burden to establish and document the hours expended in litigation. *Welch*, 480 F.3d at 945.

Attorney Sharp began billing hours in September, 2002, at which point the record establishes that Sharp assisted Plaintiff with exhausting Plaintiff's administrative remedies. *Sharp Decl.*, Ex. 1; (Doc. # 71 at 5-6). The process of exhausting administrative remedies lasted until at least February, 2003, as Sharp advised Defendant in a letter dated February 19, 2003, that Defendant had to respond to the letter on or before March 7, 2003, or else Plaintiff would assume that Plaintiff had exhausted administrative remedies. (Doc. # 60 at 6). Sharp's billing statement for February, 2003, supports the conclusion that Sharp was assisting Plaintiff to exhaust Plaintiff's administrative remedies at that time, in February, 2003, as an entry for February 6, 2003, notes "[l]egal research re exhaustion of administrative remedies; prepare correspondence to Ms. Smith." *Sharp Decl.*, Ex. 1.

After reviewing Plaintiff's motion for fees and costs and the billing statements submitted in support, the Court concludes that Plaintiff has not met his burden to establish that attorney Sharp's fees for the period of September, 2002, to February, 2003, are recoverable under 29 U.S.C. § 1132(g)(1). Rather, the Court concludes the 20.8 hours sought by Plaintiff for fees incurred from September, 2002, to February, 2003, were incurred during the administrative phase of the ERISA process, and are therefore not recoverable under *Cann*, 989 F.2d 313, 316, and *Dishman*, 269 F.3d at 987. The Court will reduce Plaintiff's attorney fee hours by 20.8.[1]

---

[1] Though Defendant contends that Plaintiff is not entitled to fees incurred by Plaintiff in March, 2003, and April, 2003, the Court concludes that fees incurred in those months were incurred after the end of the administrative phase, were in preparation for litigation, and are recoverable. *Sharp Decl.*, Ex. 1 at March, 2003 Bill; *Dishman*, 269 F.3d at 987-88.

Notwithstanding the fees incurred during the administrative phase of Plaintiff's ERISA proceedings, Defendant contends that Plaintiff seeks fees for excessive hours. However, after reviewing attorney Sharp's billing statements, and in consideration of the case's complexity and length, the Court finds that the hours sought by Plaintiff for the time between March, 2003, and February, 2008, are reasonable.

Plaintiff seeks fees for 284.6 hours. The Court concludes that the requested hours must be reduced by 20.8 because some requested fees were incurred during the administrative phase of Plaintiff's ERISA benefits claim. Accordingly, the Court will award attorney's fees for 263.8 hours.

*ii. Loadstar - Hourly Rate*

In determining a reasonable hourly rate, the Court must consider "the experience, skill, and reputation of the attorney requesting fees." *Welch*, 480 F.3d at 945. "[T]he determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party." *Id.* at 946 (citing *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates 'should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity.'" *Id.* (citing *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1545 (9th Cir. 1992)).

> That a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market. But there is such a thing as a high charger and a low charger, and the district judge is supposed to use the prevailing market rate for attorneys of comparable experience, skill and reputation, which may or may not be the rate charged by the individual attorney in question.

*Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006).

Sharp seeks an hourly rate of $400.00 per/hour for the work performed in this case.

Sharp has been a member of the California Bar since January, 1978, and is an experienced civil litigator. *Sharp Decl.* (Doc. # 76-6), ¶ 3. Sharp has successfully tried civil cases in state and federal court, and he has obtained numerous favorable verdicts and settlements. *Sharp Decl.* (Doc. # 76-6), ¶¶ 5-10. Attorneys George Flemming, Peter Zomber, and Jonathan R. Schofield each submitted

declarations in support of Sharp's request for attorney fees, and each indicates that he would be willing to refer a case to Sharp because of Sharp's experience and ability. *See* (Docs. # 76-3, 76-4, 75-5). Attorney Flemming stated that the reasonable rate for Sharp's work "exceeds $400.00 per hour." (Doc. # 76-3, ¶ 10).

Sharp does not have experience with ERISA cases, and declarations submitted indicate that ERISA cases are particularly complex, and benefit from experienced ERISA attorneys. *Sharp Decl.*, ¶ 16 & Ex. 4. Experienced and well-respected ERISA attorneys regularly bill clients between $450.00 and $550.00 per/hour. *Sharp Decl.*, Ex. 4. Sharp has received attorney fees in other cases, and in one case received a rate of $350.00 per/hour. *Sharp Decl.* (Doc. # 76-6), ¶ 11. In this case, Sharp billed Dr. Joas $250.00 per/hour for work performed between 2003 and 2006, and $290.00 per/hour for work performed after January, 2007. *Sharp Decl.* (Doc. # 76-6), ¶ 12.

After reviewing the evidence submitted in support of Sharp's request for attorney fees, the Court finds that Sharp is an experienced attorney. However, the Court cannot conclude that the prevailing market for someone with Sharp's experience in ERISA matters is $400.00 per/hour. The declarations indicate that Sharp has never received more than $350.00 per/hour from a court, nor is there any indication that Sharp has ever billed more than $290.00 in any case. In addition, Sharp's experience with ERISA matters is far less than those attorneys who regularly bill $400.00 per/hour or more, and $400.00 per/hour is significantly more than Sharp billed Dr. Joas in this case. The Court concludes that a reasonable market rate for someone with the experience of Sharp is $350.00 per/hour.

The Court has authorized fees for 263.8 hours. When multiplied by the rate of $350.00 per/hour, the Court concludes that the loadstar amount, and presumptively reasonable fee, is $92,330.00.

*iii. Whether a Multiplier is Appropriate*

Plaintiff contends that a multiplier of 1.1 is appropriate in this case because of "[Sharp's] effort to keep legal fees and costs low, the non-billed legal time incurred on this file, the non-billed costs incurred on this file, and the duration of the litigation." (Doc. # 76-1 at 7). A multiplier should only be used in "rare and exception cases," and must be supported by "specific evidence." *Welch*, 480 F.3d at 946; *Van Gerwen*, 214 F.3d at 1045. After reviewing the evidence submitted in support of the

motion for fees and costs, the Court cannot conclude that this is the rare and exceptional case which warrants the use of a multiplier, nor does Plaintiff submit specific evidence to support a multiplier. Accordingly, Plaintiff's request for a multiplier is denied.

*iv. Total Attorney's Fees Award*

The Court hereby awards attorney's fees for 263.8 hours at $350.00 per/hour, for a total award of $92,330.00.

**B. Costs**

Plaintiff seeks costs in the amount of $1,621.37 for costs incurred through February 22, 2008. Defendant does not dispute these costs, and the Court finds that the costs are supported by declarations in the record. *See Sharp Decl.* (Doc. # 76-6). Accordingly, the Court hereby awards costs to Plaintiff in the amount of $1,621.37.

**C. Prejudgment Interest**

Plaintiff seeks prejudgment interest at a rate of 4.5% for benefits denied by Defendant. Assuming a 4.5% interest rate, Plaintiff seeks a total award of prejudgment interest in the amount of $16,138.50.

"Prejudgment interest is an element of compensation, not a penalty," *Dishman*, 296 F.3d at 988, and a "district court may award prejudgment interest on an award of ERISA benefits at its discretion." *Blankenship v. Liberty Life Assurance Co.*, 486 F.3d 610, 628 (9th Cir. 2007). The Court concludes that an award of prejudgment interest is appropriate in this case, and Defendant does not dispute the rate of 4.5% or Plaintiff's calculation of prejudgment interest. (Doc. # 80); *Sharp Decl.* (Doc. # 76-6), Ex. 6. Accordingly, the Court hereby awards prejudgment interest in favor of Plaintiff in the amount of $16,138.50

**CONCLUSION**

The Court hereby awards Plaintiff attorney's fees in the amount of $92,330.00, costs in the amount of $1,621.37, and prejudgment interest in the amount of $16,138.50.

**IT IS SO ORDERED**.

DATED: April 22, 2008

William Q. Hayes

**WILLIAM Q. HAYES**

United States District Judge